UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LYNN HUMPHREY, II,

        Petitioner,               Case Number: 2:09-CV-13142

v.                                        HONORABLE DENISE PAGE HOOD

GARY CAPELLO,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Michigan state prisoner, Jeffrey Lynn Humphrey, II, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, challenges his convictions for armed robbery, conspiracy to commit armed robbery, jail escape while awaiting a felony trial, conspiracy to commit jail escape, and two counts of possession of a firearm during the commission of a felony. Respondent argues that the petition should be denied because it is untimely, and the claims are procedurally defaulted and/or meritless. For the reasons discussed, the Court denies the petition.

**I.**

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted as set forth above. On March 28, 2006, he was sentenced to 18 years, 9 months to 40 years in prison for the armed robbery and conspiracy to commit armed robbery

convictions, two to four years in prison for the escape and conspiracy to escape convictions, and two years in prison for each of the felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised the following claims:

> I. Where the prosecutor failed to present sufficient evidence of an agreement to commit armed robbery or that appellant was armed at the time of the robbery, appellant's conspiracy and armed robbery convictions violate his state and federal constitutional rights to be free of conviction in the absence of proof beyond a reasonable doubt.
>
> II. Defendant's felony-firearm convictions must be reversed for the reason that there was insufficient evidence that he possessed a firearm during the commission of the assault and escape from custody.
>
> III. The prosecutor violated appellant's due process rights by making an improper civic duty argument to the jury; alternatively, defense trial counsel was constitutionally ineffective in failing to object to the prosecutor's argument.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Humphrey*, No. 270451 (Mich. Ct. App. July 31, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Humphrey*, 480 Mich. 958 (Mich. Nov. 29, 2007).

On January 6, 2009, Petitioner filed a motion for relief from judgment in the trial court. He raised the same claims raised on direct appeal. The trial court denied the motion. *People v. Humphrey*, No. 2005-204584-FC (Oakland County Cir. Ct. May 12, 2009). Petitioner did not seek leave to appeal the trial court's decision.

Petitioner filed the pending habeas corpus petition on August 6, 2009. He raises the same claims raised in state court.

## II.

Respondent argues that the petition should be denied because it was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on November 29, 2007. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. His conviction became final on February 27, 2008, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a

3

petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on February 28, 2008.

Petitioner's motion for relief from judgment, filed in the trial court on January 6, 2009, was a properly filed application for collateral review. It, therefore, served to toll the limitations period with 52 days remaining. The trial court denied Petitioner's motion for relief from judgment. Petitioner did not attempt to appeal the denial of his motion for relief from judgment. A post-conviction application is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (*citing Carey v. Saffold*, 536 U.S. 214 (2002)) (emphasis in original). Because Petitioner did not seek leave to appeal the trial court's denial of his motion for relief from judgment, the limitations period resumed running May 13, 2009, the day after the trial court denied leave to appeal and Petitioner no longer had a post-conviction motion pending in state court. The limitations period continued to run until it expired on July 5, 2009. The pending petition was filed on August 6, 2009, one month after the limitations period expired. The petition is untimely.

Petitioner does not argue that he is entitled to equitable tolling of the limitations

4

period, and the Court finds no basis for tolling the limitations period.

## III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could not find its resolution of the petition to be debatable or wrong. Accordingly, the Court will deny a certificate of appealability.

5

## IV.

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A). Accordingly, **IT IS ORDERED** that the petition is **DENIED**.

    **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                              s/Denise Page Hood  
                                              United States District Judge

Dated: June 30, 2011

I hereby certify that a copy of the foregoing document was served upon Jeffrey Humphrey #439002, 13924 Wadaga Road, Baraga,MI 49908 and counsel of record on June 30, 2011, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry  
                                              Case Manager